PURE OIL CO. v. TURNER.

Ohio Supreme Court.

No. 20718. Decided June 13, 1928.

Error to Guernsey Appeals.

Judgment reversed and judgment for plaintiff in error.

45. ADVERSE POSSESSION—997 Real Estate—708 Leases.

1. Acts of possession need not be performed throughout entire tract.

2. Actual and open possession means possession upon part of person occupying premises.

ALLEN, J.

1. Acts of possession need not be performed throughout the entire tract leased in order to charge a subsequent lessee with notice of the adverse claim.

2. The actual and open possession which is required to validate a defective lease means possession which is actual and open upon the part of the person occupying the premises.

(Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

———

SMITH et v. BUCK.

Ohio Supreme Court.

No. 20867. Decided June 13, 1928.

Error to Huron Appeals.

Judgment affirmed.

715. LIBEL AND SLANDER—915 Personal Injury.

1. Words "personal injury" denote injury either to physical body or to reputation or both.

2. Words "personal injury" by "wrongful act" comprehend injury by libel or slander.
ROBINSON, J.

1. The words "personal injury" as defined by lexicographers, jurists and text writers, and by common acceptance, denote an injury either to the physical body of a person or to the reputation of a person or to both.

2. The words "personal injury" by "wrongful act," of Section 11819, General Code, comprehend, among other injuries to the person, injury by libel or slander.

(Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.)

———

TAX COMMISSION v. RIFE et.

Ohio Supreme Court.

No. 21719. Decided June 13, 1928.

Error to Hamilton Appeals.

Judgment affirmed.

1249. WAR RISK INSURANCE—647 Insurance—635 Inheritance Tax.

War risk insurance, paid to estate of deceased soldier, exempt from inheritance tax.
DAY, J.

The provisions of the world's war veterans' act relating to the exemption from taxation of insurance payable thereunder exempt from the state inheritance tax the amount paid to the estate of a deceased soldier.

Judgment affirmed.

(Marshall, CJ., Allen, Kinkade, Robinson and Matthias, JJ., concur.)